LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6429 GAF (Rzx) √<br>CV 10-6487 GAF (RZx) | Date | December 10, 2010 |
|---|---|---|---|
| Title | Sea Castle Films, LLC v. Kentucky Horse Park Foundation, Inc. et al<br>Sea Castle Films LLC v. Kentucky Horse Park Foundation Inc. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff:<br>None | | Attorneys Present for Defendants:<br>None |

**Proceedings:**       **(In Chambers)**

### ORDER TO SHOW CAUSE

On July 23, 2010, Plaintiff Sea Castle Films, LLC ("Sea Castle"), commenced a breach of contract suit against Defendant Kentucky Horse Park Foundation, Inc. ("the Foundation"), in Los Angeles Superior Court.  (CV 10-6429, Docket No. 1 [Not. of Removal] ¶ 1.)  In that suit, Sea Castle alleges that the Foundation breached an agreement under which Sea Castle would create, and bear the cost of creating, DVDs of a film and the Foundation would use its best efforts to then sell those DVDs, with profits being split evenly between Sea Castle and the Foundation.  (CV 10-6429, Docket No. 1 [Not. of Removal], Ex. A [First Am. Compl.] ¶¶ 3, 13.)  The Foundation removed that case to this Court on August 27, 2010.  (CV 10-6429, Docket No. 1 [Not. of Removal] ¶ 1.)

In the meantime, the Foundation's counsel apparently sent Sea Castle's counsel a letter demanding that Sea Castle cease and desist its DVD distribution efforts because it violated the Foundation's copyright in the film.  (CV 10-6487, Docket No. 7 [First Am. Compl.] ¶ 11.)   In response, on August 30, Sea Castle filed a separate action in this Court seeking a declaratory judgment that the agreement between it and the Foundation gave it a non-exclusive license to distribute the film and that its distribution of the film therefore did not constitute copyright infringement.  (CV 10-6487, Docket No. 1 (Compl.) ¶¶ 13–14.)  On November 23, 2010, Sea Castle filed an amended complaint in that suit adding a cause of action for breach of contract alleging that the Foundation interfered with Sea Castle's ability to perform its obligations under the contract.  (Docket No. 7.)

LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-6429 GAF (Rzx) ✓<br>CV 10-6487 GAF (RZx) | Date | December 10, 2010 |
|---|---|---|---|
| Title | Sea Castle Films, LLC v. Kentucky Horse Park Foundation, Inc. et al<br>Sea Castle Films LLC v. Kentucky Horse Park Foundation Inc. | | |

      Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). A district court may consolidate cases sua sponte. In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987).

      It appears to the Court that these actions arise from the same set of events—Sea Castle's distribution of DVDs of a film pursuant to an alleged agreement between it and the Foundation—and involve common questions of fact, most notably whether Sea Castle and the Foundation actually entered into the agreement that Sea Castle alleges. The Court accordingly **ORDERS** Sea Castle and the Foundation **TO SHOW CAUSE by December 29, 2010**, why case number CV 10-6429 GAF (RZx) should not be consolidated with the related action, case number CV 10-6487 GAF (RZx). If the parties do not oppose consolidation, they should notify the Court by that date. Failure to respond to the Order to Show Cause will be deemed consent to consolidation.

      **IT IS SO ORDERED.**